Wm. L. Perkins *et al. vs.* August Schneider.

Submitted on briefs June 20, 1893. Reversed Aug. 1, 1893.

Findings not Supported by the Evidence.

Held, that the findings of fact are not sustained by the evidence.

Appeal by plaintiffs, William L. Perkins and William L. Perkins, Jr., from an order of the Municipal Court of the City of St. Paul, *John Twohy, Jr.,* J., made December 17, 1892 denying their motion for a new trial.

Action to recover of defendant, August Schneider, $88.88, the agreed price of a barrel of whiskey sold him by plaintiffs on September 14, 1891. It was branded as containing forty-one and eight hundredths proof gallons and original proof of 104, but it contained less than thirty-eight gallons and its proof was in fact but 95.3. On April 14, 1892, the whiskey was seized by the Federal Officers, for what cause was not shown. The defendant claimed, and the trial court found, that it was taken on account of this variance. The defendant also claimed, and the trial court found, that plaintiffs represented on the sale that the whiskey was of the proof stamped on the barrel, but this was not supported by the evidence.

*McLaughlin & Morrison,* for appellants.

There was no warranty by plaintiffs of the quality of the whiskey. Although defendant alleges that he purchased the whiskey upon the representation by plaintiffs that it was of the weight and proof marked upon the barrel, no evidence was introduced at the trial to support this allegation. The defendant bought the whiskey of plaintiffs' agent, who asked him if he wanted *good* whiskey. There has been no defense made in this case upon the ground that the quality of this whiskey was not good. No representations as to the quality of this whiskey were made that would amount to an express warranty. *Ryder* v. *Neitge,* 21 Minn. 70.

In the case of *Winsor* v. *Lombard,* 18 Pick. 57, it was decided that there is no implied warranty that the quality of goods is at the sale, as they are branded under inspection laws.

*O. E. Holman,* for respondent.

The plaintiffs sold and delivered to the defendant a barrel of whiskey, which by reason of the character of its contents and the marks stamped upon it, was at that very time liable to seizure by, and forfeiture to, the United States Government. The barrel of whiskey was sold by the plaintiffs in direct violation of the internal revenue laws of our government. When the goods had been delivered to the defendant, the revenue officer, upon an examination of the whiskey, discovered the violation of the United States laws, and immediately seized and confiscated the goods.

COLLINS, J.   To dispose of this cause we need to consider but three of appellants' assignments of error.   The first of these refers to a finding of fact, in substance, that the barrel of whisky in question was seized by the revenue officers while in defendant's possession and was confiscated by the government because the "proof" of the spirits as fixed, marked, and stamped by the proper authorities on the barrel was at variance with the actual proof.   It is asserted that this finding was not warranted by the evidence.   There was testimony tending to show that some days after the barrel of whisky was sold and delivered by the plaintiffs to defendant the latter caused its proof to be determined by one Kuehne, and then by a government gauger, both finding that the proof was 95, and it stands undisputed that, according to the government stamps and marks upon the barrel, the proof should have been 104.   The barrel should have contained 41.08 proof gallons, and seems to have contained less than 38.   It was also shown that about six months after this variance was discovered, the barrel, with its contents, was taken out of defendant's possession by a revenue officer; but here the testimony ended on this branch of the case.   That it fell far short of showing that the whisky was seized because of the discrepancy between the stamped or marked proof and the actual proof, or establishing a confiscation by the government upon any ground, is evident.   The finding in question was not supported by the evidence.

The same charge is made by the third specification of error against a finding to the effect that the defendant purchased the whisky upon statements and representations that the same was of the proof stamped and marked upon the barrel.   The testimony shows that he ordered a barrel of "good" whisky of a certain value per gallon, and there is nothing to indicate that his order was not properly filled.   The number of wine gallons actually contained in the barrel corresponded with the number it should have contained according to the official stamps and marks, and for which payment was demanded.   No express statements or representations were made respecting the proof, nor does it appear that the defendant, when ordering, considered that matter, or that he relied upon the government stamps or marks at any time.   From the testimony it does not appear that he ever notified plaintiffs of the seizure or the variance, or complained of the latter as a reason why he should not

pay. His only complaint was that the whisky did not suit. It is manifest that this finding was not supported by the evidence.

Another assignment is that the court erred in its conclusion of law, and of course this must be considered with reference to the fact that the findings before mentioned were not warranted by the evidence.

Counsel for the respondent has not directed us to any section of the United States revenue laws under which the authorities would have the right to seize or confiscate the whisky because of the discrepancy before referred to, nor to authorities bearing upon the subject. We presume, however, that U. S. Rev. St. § 3289, is the one upon which he rested his defense. If so, we now call attention to *United States* v. *Thirty-Two Barrels of Distilled Spirits,* 5 Fed. Rep. 188, and *In re Three Packages of Distilled Spirits,* 14 Fed. Rep. 569, from which it would appear that, where no fraud or injury to the government is involved in the fact that a change in the proof of liquors occurs after the packages have once been properly stamped and marked, this statute is not susceptible of the radical construction put upon it by counsel. If the plaintiffs sold and delivered to defendant a barrel of whisky which was subject to seizure because of a variance between the proof as fixed by the authorities and the actual proof, even if such variance could be accounted for and excused under these decisions, it would seem that defendant could compel plaintiffs to assume the burden of litigation with the authorities by prompt and proper notice, and, under such circumstances, might properly refuse to pay for the liquor until the controversy was settled in the federal courts. But that is not this case, so far as is shown by the testimony or findings. A new trial must be had, for the remaining findings of fact do not justify the conclusion of law.

Order reversed.

(Opinion published 56 N. W. Rep. 39.)